JD:JEA
F. #2018R00080

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR A SEARCH WARRANT FOR:<br><br>THE PERSON KNOWN AND DESCRIBED AS JAMES MCCLOUD, DATE OF BIRTH AUGUST 28, 1964, USMS # 90800-053 | AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT<br><br>(Fed. R. Crim. P. 41; T. 18, U.S.C., §§ 2113(a) and 2113(d))<br><br>No.   18M382 |

- - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

Paul Courtney, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of violations of Title 18, United States Code, Sections 2113(a) and 2113(d)—specifically, that, on or about December 23, 2017, JAMES MCCLOUD, date of birth August 28, 1964, USMS # 90800-053, together with others, did knowingly and intentionally take by force, violence and intimidation, from the person and presence of one or more employees of a bank, to wit: a branch of HSBC Bank USA, N.A., located at 87-03 Queens Boulevard, Elmhurst, NY—will be obtained by the taking, and preserving as evidence, of a buccal swab sample or blood sample of the defendant.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885

The source for your deponent's information and the grounds for her belief are as follows:[2]

1. I am a Detective with the New York City Police Department ("NYPD") and have been for approximately 27 years. I am currently assigned to the FBI and New York City Police Department ("NYPD") Joint Violent Crimes Task Force (the "Task Force"), which focuses on the investigation of violent crimes. The facts set forth in this affidavit are based upon my own investigation of the facts and upon what I have learned from other individuals who have participated in the investigation. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

2. I have been involved in an investigation of the defendant related to the aforementioned criminal activity.

3. On March 29, 2018, the Honorable Vera M. Scanlon, United States Magistrate Judge for the Eastern District of New York, issued a warrant for the arrest of JAMES MCCLOUD and RODNEY GRIFFIN, for Bank Robbery, in violation of 18 U.S.C. § 2113(d) and possession and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On April 16, 2018, an indictment was filed charging the defendants JAMES MCCLOUD and RODNEY GRIFFIN with one count of Bank Robbery (18-CR-00192).

---

F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68. (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

2

4.  As set forth in Exhibit A, on or about December 23, 2017, at approximately 10:13 a.m., the defendant RODNEY GRIFFIN and an unknown male ("UM") entered the branch of HSBC Bank located at 87-03 Queens Boulevard, Elmhurst, New York (the "Bank") and GRIFFIN proceeded to a teller station while UM remained at the front entrance as a lookout. GRIFFIN then grabbed an HSBC customer ("Victim 1") and brandished a firearm at an HSBC teller ("Victim 2"), pointed the firearm at Victim 1's head and stated in part, "Give me the money or I'll shoot the customer." Victim 2 then gave the defendant GRIFFIN approximately $825 in cash. GRIFFIN took the money and left the Bank with UM running on foot along 55th Avenue.

5.  Members of the NYPD-FBI Joint Bank Robbery Task Force responded to the scene and recovered a gray plastic bag and an orange plastic bag used by the robbers and surveillance video of the robbery. Law enforcement also recovered video surveillance when they canvassed the area around the Bank.

6.  The surveillance video shows GRIFFIN and the UM run on foot along 55th Avenue and enter an early-model silver Jaguar on Justice Avenue. The silver Jaguar thereafter flees eastbound on Justice Avenue. The surveillance video shows that the silver Jaguar has several unique features including, but not limited to, significant front-end damage, tinted windows, a municipality sticker on the rear, driver-side window, and the rear, passenger-side window opened halfway.

7.  On January 11, 2018, law enforcement discovered a 2001 silver Jaguar that matched the silver Jaguar used as the getaway car during the robbery. Law enforcement learned that an individual sold the silver Jaguar that morning for $100 to Cash for Cars. Law enforcement also learned that the individual who sold the silver Jaguar provided a contact

3

cellular number which, based on information provided by T-Mobile US, Inc., shows the number belonged to the defendant JAMES MCCLOUD (the "MCCLOUD Phone"). I inspected the vehicle, which has the same unique features of the silver Jaguar used as the getaway vehicle, including significant front-end damage, tinted windows, a municipality parking sticker on the rear, driver-side window, and the rear, passenger-side window opened half-way. I believe that the 2001 silver Jaguar vehicle discovered to be the getaway car used during the robbery.

8. Law enforcement further investigated the ownership of the 2001 silver Jaguar. Based on law enforcement interviews of the previous owner of the 2001 silver Jaguar (the "Owner") and her son (the "Owner's Son"), law enforcement determined that the defendant MCCLOUD purchased the 2001 silver Jaguar on or about November 18, 2017 from the Owner for $500.

9. Law enforcement sought and obtained a search warrant for the MCCLOUD Phone and an additional cellular number, based on information provided by Sprint Corporation, which showed that the number belonged to the defendant RODNEY GRIFFIN (the "GRIFFIN Phone"). A review of information obtained pursuant to the warrants led law enforcement to determine that the MCCLOUD Phone and GRIFFIN Phone were in the vicinity of the Bank at the time of the robbery and in contact with each other throughout that day. Further review of information obtained pursuant to the warrants showed that the MCCLOUD Phone and GRIFFIN Phone were on a three-way call with a third cellular number at the time of the robbery.

10. The surveillance video from the Bank shows GRIFFIN holding an orange plastic bag during the robbery. The orange plastic bag was submitted to the NYPD

4

laboratory for fingerprint analysis, which recovered one fingerprint. The fingerprint recovered from the orange plastic bag is a match with a fingerprint that law enforcement has on file for the defendant RODNEY GRIFFIN from a previous arrest.

11.     In connection with the investigation of the crime scene, law enforcement agents collected swabs of possible DNA evidence from the HSBC teller station as well as the orange and gray plastic bags recovered at the scene of the crime. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can be recovered from the teller counter tray and the plastic bags.

12.     In connection with the investigation of the 2001 silver Jaguar, law enforcement agents also collected swabs of possible DNA evidence from the vehicle as well as multiple items recovered in the vehicle including, among other things, lighters, a cigarette butt, roll of tape, receipts, lottery tickets, and documents. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can also be recovered from objects such as a vehicle, cigarette butt, and receipts.

13.     The DNA evidence collected by law enforcement was sent for testing by the New York City Office of the Chief Medical Examiner ("OCME") for the presence of DNA. Based on the facts set forth in paragraphs 4 through 12 above and information obtained during the course of the investigation, there is a substantial likelihood that the DNA of the defendant, JAMES MCCLOUD, USMS # 90800-053, will be found on the objects discovered during the course of the investigation.

14.     The government wishes to compare the DNA from the investigation with a DNA sample obtained directly from the defendant (e.g., a buccal swab).

15. Based on the above information, there is probable cause to believe that the defendant JAMES MCCLOUD, USMS # 90800-053, is a contributor to DNA evidence found in the 2001 Jaguar getaway vehicle. Therefore, there is probable cause to believe that a buccal swab or sample of his blood would constitute evidence of the defendant's commission of the charged crimes.

WHEREFORE, your deponent requests that a search warrant be issued authorizing FBI Special Agents, New York City Police Department officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from the defendant, JAMES MCCLOUD, USMS # 90800-053, a buccal swab sample or sample of blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that the defendant JAMES MCCLOUD, USMS # 90800-053, refuses to submit to a buccal cheek

swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

                                            Paul Courtney
                                            Detective
                                            New York City Police Department

Sworn to before me this
26th d

S/Pohorelsky

THE                          POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## **EXHIBIT A**

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | | |
|---|---|---|
| United States of America<br>v.<br>JAMES MCCLOUD,<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) | Case No. 18-M-269 |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   JAMES MCCLOUD                                                                                         ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Bank robbery in violation of 18 U.S.C. § 2113(d) and using a firearm in connection with that robbery in violation of Title 18, United States Code, Section 924(c).

Date:   03/29/2018

*Issuing officer's signature*

City and state:   Brooklyn, NY

Hon. Vera M. Scanlon, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

_____
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____   Weight: _____

Sex: _____   Race: _____

Hair: _____   Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

JD:JEA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

RODNEY GRIFFIN and JAMES
MCCLOUD,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

18M269

AFFIDAVIT AND COMPLAINT
IN SUPPORT OF AN ARREST
WARRANT

(18 U.S.C. § 2113(d) and 924(c))

EASTERN DISTRICT OF NEW YORK, SS:

    PAUL COURTNEY, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

    On or about December 23, 2017, within the Eastern District of New York, the defendants RODNEY GRIFFIN and JAMES MCCLOUD did knowingly and intentionally take and attempt to take by force, violence and intimidation, from the person and presence of another, money belonging to and in the care, custody, control, management and possession of a bank or other financial institution, to wit: HSBC Bank, the deposits of which are insured by the Federal Deposit Insurance Corporation.

    (Title 18, United States Code, Section 2113(d))

    On or about December 23, 2017, within the Eastern District of New York, the defendants RODNEY GRIFFIN and JAMES MCCLOUD

did knowingly and intentionally use and carry a firearm, which firearms was brandished, during and in relation to a crime of violence, to wit, a violation of 18 U.S.C. § 2113(d).

(Title 18, United States Code, Section 924(c)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous bank robberies. My information in this case comes from my personal involvement in the investigation, a review of records of the Federal Bureau of Investigation ("FBI"), NYPD, and other government agencies, including video footage recorded by surveillance cameras and reports of victim interviews, and conversations with other law enforcement officers.

2. On or about December 23, 2017, at approximately 10:13 a.m., the defendant RODNEY GRIFFIN and an unknown male ("UM") entered the branch of HSBC Bank located at 87-03 Queens Boulevard, Elmhurst, New York (the "Bank") and GRIFFIN proceeded to a teller station while UM remained at the front entrance as a lookout. GRIFFIN then grabbed an HSBC customer ("Victim 1") and brandished a firearm at an HSBC teller ("Victim 2"), pointed the firearm at Victim 1's head and stated in part, "Give me the money or I'll shoot the customer." Victim 2 then gave the defendant GRIFFIN approximately $825 in cash. GRIFFIN took the money and left the Bank with UM running on foot along 55th Avenue.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3.      Members of the NYPD-FBI Joint Bank Robbery Task Force responded to the scene and recovered an orange plastic bag used by the robbers and surveillance video of the robbery. Law enforcement also recovered video surveillance when they canvassed the area around the Bank.

4.      The surveillance video shows GRIFFIN and the UM run on foot along 55th Avenue and enter an early-model silver Jaguar on Justice Avenue. The silver Jaguar thereafter flees eastbound on Justice Avenue. The surveillance video shows that the silver Jaguar has several unique features including, but not limited to, significant front-end damage, tinted windows, a municipality sticker on the rear, driver-side window, and the rear, passenger-side window opened halfway.

5.      On January 11, 2018, law enforcement discovered a 2001 silver Jaguar that matched the silver Jaguar used as the getaway car during the robbery. Law enforcement learned that an individual sold the silver Jaguar that morning for $100 to Cash for Cars. Law enforcement also learned that the individual who sold the silver Jaguar provided a contact cellular number which, based on information provided by T-Mobile US, Inc., shows the number belonged to the defendant JAMES MCCLOUD (the "MCCLOUD Phone"). I inspected the vehicle, which has the same unique features of the silver Jaguar used as the getaway vehicle, including significant front-end damage, tinted windows, a municipality parking sticker on the rear, driver-side window, and the rear, passenger-side window opened half-way. I believe that the 2001 silver Jaguar vehicle discovered with Cash for Cars to be the getaway car used during the robbery.

6.      Law enforcement further investigated the ownership of the 2001 silver Jaguar. Based on law enforcement interviews of the previous owner of the 2001 silver

4

Jaguar (the "Owner") and her son (the "Owner's Son"), law enforcement determined that the defendant MCCLOUD purchased the 2001 silver Jaguar on or about November 18, 2017 from the Owner for $500.

7.      Law enforcement sought and obtained a search warrant for the MCCLOUD Phone and an additional cellular number, based on information provided by Sprint Corporation, which showed that the number belonged to the defendant RODNEY GRIFFIN (the "GRIFFIN Phone"). A review of information obtained pursuant to the warrants led law enforcement to determine that the MCCLOUD Phone and GRIFFIN Phone were in the vicinity of the Bank at the time of the robbery and in contact with each other throughout that day. Further review of information obtained pursuant to the warrants showed that the MCCLOUD Phone and GRIFFIN Phone were on a three-way call with a third cellular number at the time of the robbery.

8.      The surveillance video from the Bank shows GRIFFIN holding an orange plastic bag during the robbery. The orange plastic bag was submitted to the NYPD laboratory for fingerprint analysis, which recovered one fingerprint. The fingerprint recovered from the orange plastic bag is a match with a fingerprint that law enforcement has on file for the defendant RODNEY GRIFFIN from a previous arrest.

9.      I have reviewed the surveillance video, and the physical appearance of the robber depicted in the surveillance video is consistent with the race and height that law enforcement has on file for the defendant GRIFFIN.

10.     I have confirmed that the deposits of HSBC Bank are insured by the Federal Deposit Insurance Corporation.

5

11. I request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

WHEREFORE, your deponent respectfully requests that the defendant RODNEY GRIFFIN and JAMES MCCLOUD, be dealt with according to law.

_____
PAUL COURTNEY
Detective, New York City Police Department

Sworn to before me this
29th day of March, 2018

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK